UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROGER WILLIAM HULL, | ) | |
| Petitioner, | ) | 3:05-cv-0060-ECR-RAM |
| vs. | ) | **ORDER** |
| WARDEN VARE, *et al.*, | ) | |
| Respondents. | ) | |

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Roger Hull, a Nevada prisoner represented by counsel. This matter comes before the Court with respect to its merits.

**I.    Procedural History**

Petitioner was arrested and charged with lewdness with a child under the age of fourteen and sexual assault. (Exhibits 1-3[1]). Hull was tried before a jury and found guilty on both charges. (Exhibit 25). On April 26, 2001, Hull was sentenced to a term of life with the possibility of

---

[1] The exhibits referenced in this order are those filed by petitioner, through counsel, in support of his first amended petition for writ of habeas corpus. The exhibits are found in the court's record at Docket #19-#32.

parole after ten years on the lewdness conviction and to life with the possibility of parole after twenty years on the sexual assault conviction, the sentences to run consecutively. (Exhibits 26 and 27).

Petitioner appealed the conviction, filing his opening brief on October 29, 2001. (Exhibit 33). Hull raised three claims for relief. (*Id.*). The Nevada Supreme Court affirmed the conviction on January 31, 2003. (Exhibit 36). Remittitur issued on April 9, 2003. (Exhibit 39).

Petitioner next filed a state petition for post-conviction relief, raising six claims. (Exhibit 42). He filed a supplemental petition with three additional claims on March 5, 2004. (Exhibit 51). A second supplement, raising a single claim, was filed on March 19, 2004. (Exhibit 53). Thereafter, counsel was appointed and the petition was supplemented once again. (Exhibits 55 and 59). Counsel's supplemental petition claimed that Hull was immune from prosecution pursuant to NRS 432B.160. (Exhibit 59).

The state district court's Order denying relief was entered September 10, 2004. (Exhibit 61). That order addressed the single claim raised in counsel's supplemental petition. (*Id.*). On appeal, Hull questioned whether the district court erred in dismissing his post-conviction petition for writ of habeas corpus without an evidentiary hearing. (Exhibit 67). The Nevada Supreme Court affirmed the denial. (Exhibit 69). Remittitur issued on October 12, 2005. (Exhibit 70).

Petitioner submitted a *pro se* federal petition for writ of habeas corpus to this Court on February 10, 2005. (Docket #6). Petitioner was appointed counsel (Docket #5) and then filed a First Amended Petition (Docket #18) on January 5, 2006. Respondents filed a Motion to Dismiss the First Amended Petition (Docket #34) arguing that Ground 4 of the petition was unexhausted and procedurally defaulted.

On July 26, 2006, this Court entered an order granting respondents' motion to dismiss Ground 4 of the petition and ordering respondents to file an answer to the remaining grounds for relief – Grounds 1, 2, and 3. (Docket #42).

1   Respondents filed an answer on October 11, 2006. (Docket #45). Petitioner filed a
2  reply on December 22, 2006. (Docket #48). The merits of Grounds 1, 2, and 3 are now before the
3  Court.
4  **II.    Federal Habeas Corpus Standards**
5   The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. §
6  2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

14   The AEDPA "modified a federal habeas court's role in reviewing state prisoner
15  applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are
16  given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state
17  court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28
18  U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the
19  Supreme Court's] cases" or "if the state court confronts a set of facts that are materially
20  indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different
21  from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting
22  *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694
23  (2002)).
24   A state court decision is an unreasonable application of clearly established Supreme
25  Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct
26

3

governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**III. Discussion**

  **A. Ground 1: Admission of Prior Bad Act Evidence**

Petitioner claims that the trial court erroneously admitted prior bad act evidence, thereby depriving him of due process. Specifically, petitioner challenges the trial court's admission of evidence that petitioner pled guilty to a 1991 sexual assault of his other daughter. (Exhibit 12, at pp. 39-41).

Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A state law issue cannot be mutated into one of federal constitutional law merely by invoking the specter of a due process violation. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996), *cert. denied*, 522 U.S. 881 (1997). Petitioner must demonstrate the existence of federal constitutional law which establishes the right in question. Petitioner is alleging that the state district court committed a due process violation when it admitted evidence of prior bad acts under Nevada's

1  rules of evidence. Federal habeas corpus relief does not lie, however, for errors of state law. *Lewis*
2  *v. Jeffers,* 497 U.S. 764, 780 (1990); *Pulley v. Harris,* 465 U.S. 37, 41 (1984).
3     In this case, the Nevada Supreme Court found that the district court did not err when
4  it admitted evidence of prior bad acts under Nevada's rules of evidence. (Exhibit 36). The Nevada
5  Supreme Court found that evidence of petitioner's prior bad act was relevant to his intent under NRS
6  48.045(2). (Exhibit 36, at p. 7). The United States Supreme Court has explicitly held that "it is not
7  the province of a federal habeas court to reexamine state-court determinations on state-law
8  questions." *Estelle,* 502 U.S. at 67-68. Ground 1 presents an issue of state evidence law, and does
9  not state a cognizable federal habeas claim. Additionally, even if Ground 1 did state a viable federal
10 habeas claim, petitioner has not demonstrated that the Nevada Supreme Court's denial of that claim
11 was contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. §
12 2254(d). The Nevada Supreme Court's ruling that the prior bad act evidence was properly admitted
13 under Nevada's rules of evidence was not contrary to, or an unreasonable application of, clearly
14 established federal law, as determined by the Supreme Court of the United States, and that ruling
15 was not based on an unreasonable determination of facts in light of the evidence. 28 U.S.C. §
16 2254(d). The Court will deny habeas relief with respect to Ground 2.

17   **B.**  **Ground 2: Insufficiency of the Evidence Argument**
18    Petitioner claims that the evidence adduced at trial was insufficient to prove sexual
19 assault or lewdness with a minor under the age of fourteen, depriving him of due process.
20    When a habeas petitioner challenges the sufficiency of evidence to support his
21 conviction, the Court reviews the record to determine "whether, after viewing the evidence in the
22 light most favorable to the prosecution, any rational trier of fact could have found the essential
23 elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979);
24 *Jones v. Wood*, 207 F.3d 557, 563 (9th Cir. 2000). The Court must assume that the jury resolved
25 any evidentiary conflicts in favor of the prosecution, and the Court must defer to that resolution.
26

*Jackson*, 443 U.S. at 326; *Schell v. Witek*, 218 F.3d 1017, 1023 (9th Cir. 2000) (*en banc*). The credibility of witnesses is beyond the scope of the Court's review of the sufficiency of the evidence. *See Schlup v. Delo*, 513 U.S. 298, 330, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Under the *Jackson* standard, the prosecution has no obligation to rule out every hypothesis except guilt. *Wright v. West*, 505 U.S. 277, 296 (1992) (plurality opinion); *Jackson*, 443 U.S. at 326; *Schell*, 218 F.3d at 1023. *Jackson* presents "a high standard" to habeas petitioners claiming insufficiency of evidence. *Jones v. Wood*, 207 F.3d 557, 563 (9th Cir. 2000).

The Nevada Supreme Court ruled as follows on petitioner's claim that there was insufficient evidence to support his conviction for sexual assault and lewdness with a minor under the age of fourteen: "A reasonable jury, upon hearing the daughter's testimony, could find the essential elements of the crimes charged beyond a reasonable doubt. Therefore, we conclude that substantial evidence was adduced at trial to support Hull's convictions." (Exhibit 36, at p. 10). This Court has reviewed the record and is in agreement with the conclusion of the Nevada Supreme Court. Petitioner's argument that the victim's testimony was uncorroborated, even if true, is insufficient to grant habeas relief under *Jackson*. The Nevada Supreme Court's ruling that there was sufficient evidence to support petitioner's conviction was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, and that ruling was not based on an unreasonable determination of facts in light of the evidence. 28 U.S.C. § 2254(d). The Court will deny habeas relief with respect to Ground 2.

**C.     Ground 3: Jury Instruction on Prior Bad Act Evidence**

Petitioner claims that the trial court gave an erroneous jury instruction regarding the use of bad act evidence depriving him of due process. The challenged Jury Instruction, Number 23, stated:

> Evidence of other crimes, wrongs, or acts, is not admissible to show that he acted in conformity therewith on a particular occasion.

6

> However, such evidence is admissible for other purposes, such as proof of motive, intent, knowledge, identity, or common scheme or plan, and as evidence that the person possesses a specific emotional propensity for sexual aberration.

(Exhibit 24, Instruction No. 23). Petitioner specifically challenges the last clause, "and as evidence that the person possesses a specific emotional propensity for sexual aberration."

Issues relating to jury instructions must themselves infect the entire trial in order to establish a violation of due process. *Henderson v. Kibbe,* 431 U.S. 145, 154 (1977). Demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the Constitutional validity of a state court's judgment requires the court to determine "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," not whether the instruction is "undesirable, erroneous, or even universally condemned." *Henderson v. Kibbe,* 431 U.S. at 154 (citations omitted); *Estelle v. McGuire,* 502 U.S. 62, 72 (1991). In reviewing jury instructions, the court inquires as to whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation. *U.S. v. Garcia-Rivera,* 353 F.3d 788, 791 (9th Cir. 2003) (citing *United States v. Frega,* 179 F.3d 793, 806 n.16 (9th Cir. 1999) (internal citations omitted). The question is whether an instruction so infected the entire trial that the resulting conviction violated due process. *Estelle*, 502 U.S. at 72. The instruction may not be judged in isolation, "but must be considered in the context of the instructions as a whole and the trial record." *Id.* Furthermore, jurors are presumed to follow the instructions that they are given. *U.S. v. Olano,* 507 U.S. 725, 740 (1993).

The Nevada Supreme Court examined the jury instructions and found that jury instruction 23 accurately reflected the law at the him of petitioner's trial. (Exhibit 36, at p. 8). The Nevada Supreme Court also found that, even if the jury instruction had been erroneous, the error was harmless because the jury was nevertheless entitled to consider prior bad act evidence as to the issue of intent. (Exhibit 36, at pp. 8-9). Petitioner has failed to show that jury instruction 23 was flawed

such that it infected the entire trial and that the resulting conviction violated his due process. Petitioner has failed to demonstrate that the Nevada Supreme Court's ruling was contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, and that ruling was not based on an unreasonable determination of facts in light of the evidence.  28 U.S.C. § 2254(d).  The Court will deny habeas relief with respect to Ground 3.

**IV.    Certificate of Appealability**

In order to proceed with his appeal, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability.  *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*

This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a certificate of appealability.

**V.    Conclusion**

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

DATED this __3rd__ day of __March_____, 2008.

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE

9